# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EVERGREEN HOLDINGS, INC.,    )
a Delaware corporation; CHEMICAL    )
ENGINEERING PARTNERS, a    )
California corporation;    )
    )
        Plaintiffs,    )
    )
-vs-    )    Case No. CIV-08-776-F
    )
SEQUOIA GLOBAL, INC.,    )
a Nevada corporation; AMALCO,    )
L.L.C., a Florida limited liability    )
company; WILLIAM BRIGGS, an    )
individual; JANUARY    )
ENVIRONMENTAL SERVICES,    )
INC., an Oklahoma corporation; and    )
CRIS JANUARY, an individual;    )
    )
        Defendants.    )

## ORDER

    Before the court is the Joint Motion of Defendants to Dismiss, or in the Alternative, to Stay Proceedings, filed September 16, 2008 (doc. no. 20). Plaintiffs have responded to the motion and defendants have thereto replied. Upon due consideration, the court makes its determination.

    Plaintiff, Evergreen Holdings, Inc. ("Evergreen"), is in the business of developing state-of-the-art technology for re-refining used motor oil (the "technology"). Evergreen treats technical information relating to the technology as a trade secret. Plaintiff, Chemical Engineering Partners ("CEP"), is an affiliate of Evergreen and is in the business of developing and marketing plant engineering and

design services for the construction of used oil re-refining operations.  It is also in the business of issuing sub-licenses for re-refining intellectual property to its customers. CEP is the exclusive licensee of the trade secrets developed by Evergreen. Evergreen's trade secrets and the trade secrets of CEP are also comprised of business information related to the development and marketing of the technology, including customer lists, customer leads, pricing data, sources of supply, marketing or production or merchandising systems or plans, personnel files, computer programs or other confidential information.

In January 1997, CEP hired Rohit Joshi ("Joshi") as a process engineer.  Three years later, CEP appointed Joshi as vice-president.  As an incident to his appointment, CEP and Evergreen requested that Joshi execute a confidentiality and non-competition agreement with Evergreen and its subsidiaries, including CEP, prohibiting Joshi from disclosing plaintiffs' trade secrets.  The agreement included an arbitration clause mandating that any disputes arising under the agreement were subject to arbitration in Irvine, California.

Joshi resigned his position and employment with CEP in November, 2005. Shortly thereafter, in January of 2006, Joshi formed defendant, Sequoia Global, Inc. ("Sequoia").  According to plaintiffs, Sequoia provides re-refining technology to its customers, and designs and constructs re-refining facilities for used oil re-refining. Plaintiffs allege in this action that Sequoia intends to avail itself of, and install in the re-refining facilities it intends to build, used oil re-refining vessels and equipment which are pre-fabricated in India.  Plaintiffs allege that the sole source of Sequoia's technology is Joshi's knowledge of plaintiffs' trade secrets and that Joshi disclosed plaintiffs' trade secrets to Sequoia without their consent.  Plaintiffs also allege that Sequoia has offered to provide defendants, Amalco, L.L.C., Williams Briggs, January

Environmental Services, Inc. and Cris January, with the trade secrets acquired by Joshi through his employment with CEP and improperly disclosed to Sequoia.

Evergreen and CEP instituted arbitration proceedings against Joshi in Irvine, California in December of 2007. In July of 2008, plaintiffs commenced this action seeking relief against defendants for violations of the Oklahoma Uniform Trade Secrets Act. Defendants, in the instant motion, seek dismissal of this action without prejudice, pursuant to Rule 12(b)(1), Fed. R. Civ. P., on the basis that this action arises solely out of an issue which must be resolved in arbitration (*i.e.* whether Joshi has misappropriated trade secrets from plaintiffs). Defendants contend that this case will ripen into a viable action, over which the court has subject matter jurisdiction, only when this issue has been decided in plaintiffs' favor. In the alternative, defendants request the court to stay this action pending the arbitration proceedings.

At the outset, the court rejects defendants' request for dismissal of this action under Rule 12(b)(1). Defendants have not cited any authority prohibiting the district court from exercising subject matter jurisdiction, properly invoked by plaintiffs, based upon a parallel private arbitration to which defendants are not parties. As pointed out by plaintiffs, this court has "a 'virtually unflagging obligation . . . to exercise the jurisdiction given [it].'" Life-Link Intern., Inc. v. Lalla, 902 F.2d 1493, 1496 (10th Cir. 1990) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). Defendants have not offered any justification for the court to decline to exercise subject matter jurisdiction in this case. Therefore, the court concludes that defendants are not entitled to dismissal of plaintiffs' action for lack of subject matter jurisdiction.

Next, the court turns to defendants' request for a stay of the proceedings. As plaintiffs admittedly recognize, the court does have the power to stay this action pending arbitration proceedings between plaintiffs and Joshi. *See,* Moses H. Cone

Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 20 n. 23 (1983); Coors Brewing Co. v. Molson Breweries, 51 F.3d 1511, 1518 (10th Cir. 1995). The decision to stay is within the discretion of the court. *Id*. Factors relevant to the court's decision are: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship. *See*, Meadows Indem. Co. v. Baccala & Shoop Ins. Servs., Inc., 760 F. Supp. 1036, 1045 (E.D.N.Y. 1991) (cited in Coors Brewing Co., 51 F.3d at 1518).

Upon review, the court concludes that a stay is warranted. The court concludes that there is an identity of issues between the arbitration currently underway in California and this action. The arbitration does not appear to be as narrow in scope (*i.e.*, customer lists) as portrayed by plaintiffs. In addition, the court agrees with defendants that plaintiffs have not asserted any claim in this action that "does not emanate directly from the foundational claim that Joshi improperly disclosed Plaintiffs' trade secrets – the very issue already under the microscope in the ongoing arbitration in California." *See*, defendant's reply, at p. 4. Because there is an identity of issues in the two proceedings, there is a potential risk of inconsistent rulings. Plaintiffs seek in the arbitration a temporary restraining order, preliminary injunction and a permanent injunction restraining Joshi from (1) further violations of the confidentiality agreement; (2) all acts constituting a misappropriation of plaintiffs' trade secrets; and (3) all acts constituting a misappropriation of plaintiffs' trade secrets. In this action, plaintiffs seek injunctive relief to restrain, enjoin and prohibit defendants from acquiring, using, disclosing or exploiting the same trade secrets. Although the court at this stage is not in a position to determine the preclusive effect of the arbitrator's decision, the doctrine of offensive nonmutual issue preclusion may apply if the arbitrator's decision is not favorable to plaintiffs, plaintiffs had a full and fair

opportunity to litigate the subject issues and plaintiffs are afforded the basic elements of adjudicatory procedure in the arbitration.  *See*, Cities Service Co. v. Gulf Oil Corp., 980 P.2d 116, 125, 130 (Okla. 1999).  Issue preclusion may also apply to defendant Sequoia, because defendants admit that defendant Sequoia is the alter ego of Joshi. *See*, defendants' motion, p. 6.  Thus, a stay of this proceeding may avoid possible inconsistent rulings.

The court is not convinced that entry of a stay will harm plaintiffs.  Although plaintiffs contend "Every day Evergreen's proprietary trade secrets remain outside its control, the higher the likelihood for public disclosure," the court notes that plaintiffs did not immediately file this suit after the alleged misappropriation of trade secrets was discovered.  Nothing prevented plaintiffs from filing their action.  Plaintiffs also have an opportunity in the California arbitration proceedings to conduct discovery as to the alleged breach of the confidentiality agreement and misappropriation of trade secrets by Joshi.  Plaintiffs' ability to conduct discovery will not be hampered by a stay of this action.  The court is not convinced that plaintiffs will suffer undue prejudice or undue hardship if the stay is granted.

In light of the identity of issues in this case and the arbitration proceedings currently pending, taken together with the lack of undue prejudice or hardship to plaintiffs if a stay is granted, the court concludes a stay is warranted.  The court concludes that a stay will also promote judicial economy as a resolution of the arbitration may resolve portions or all of this action.  The actions appear to be duplicative as to the issue of whether Joshi misappropriated plaintiffs' trade secrets. Entry of a stay will therefore foster judicial efficiency.

Accordingly, the Joint Motion of Defendants to Dismiss, filed September 16, 2008 (doc. no. 20) is **DENIED**.  The Joint Motion of Defendants to Stay Proceedings, filed September 16, 2008 (doc. no. 20) is **GRANTED**.

For statistical purposes only, the court directs the clerk of the court to terminate this action in his records pending the arbitration proceedings in California. The parties are directed to notify the court within ten days of the resolution of the arbitration proceedings so that the court may reopen these proceedings for final adjudication of this action.

DATED October 23, 2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0776p002(pub).wpd